**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EVAN M. SCHUESSLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>CLASS OVER INC., KIDZ AI INC. f/k/a CLASSOVER HOLDINGS, INC., and HUI LUO a/k/a STEPHANIE LUO<br><br>Defendants. | Civil Action No. 1:26-cv-07478<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION** |

Plaintiff Evan M. Schuessler, by and through the undersigned attorney, for his complaint against Defendants Class Over Inc., KIDZ AI Inc. f/k/a Classover Holdings, Inc., and Hui Luo a/k/a Stephanie Luo, alleges as follows on behalf of himself and all other persons similarly situated:

## NATURE OF ACTION

1. Plaintiff Evan M. Schuessler ("Schuessler") worked remotely from Texas as a W-2 Chess Coach for Defendant Class Over Inc., a New Jersey corporation ("Class Over NJ"), beginning April 1, 2021. Class Over NJ issued a written employment agreement requiring a 40-hour workweek, assigning both live-session and non-session duties, and setting Schuessler's base compensation at $28.00 per hour.

2. Class Over NJ required Schuessler to perform substantial recurring work outside live sessions, but it did not maintain a contemporaneous record of all such time. In workweeks in which Schuessler's total compensable time exceeded 40 hours, Class Over NJ failed to pay the overtime premium required by federal law.

3. Schuessler's work also served an undisclosed artificial intelligence ("AI") function. While he was employed, Class Over NJ's online platform captured teacher-student interactions and related pedagogical content that Defendant KIDZ AI Inc., formerly known as Classover Holdings, Inc. ("KIDZ"), later publicly described as proprietary training data foundational to its AI tutor agents. Schuessler was not told that generating data for AI development was a function of his work.

4. Schuessler therefore asserts: (1) a federal claim for unpaid overtime under the Fair Labor Standards Act; (2) a claim under Texas law against Class Over NJ for breach of the written employment agreement; and (3) a quantum meruit claim under Texas law against Class Over NJ for the reasonable value of a distinct extra-contractual service: generating and supplying proprietary human-interaction data for AI training.

## PARTIES

5. Schuessler is a United States citizen domiciled in Katy, Texas, and therefore a citizen of Texas. Throughout the employment at issue, Schuessler worked remotely from Texas.

6. Class Over NJ was formed in New Jersey on June 16, 2020 and has its principal place of business at 450 Seventh Avenue, Suite 905, New York, NY 10123. Class Over NJ entered the 2021 employment agreement with Schuessler, paid his wages, and operated the online platform through which he performed his work.

7. A separate corporation also named Class Over Inc. was formed in Delaware on March 16, 2022 as a holding company ("Class Over DE"). Class Over DE is not named as a defendant in this action. On April 19, 2022, Class Over DE acquired 100 percent of Class Over NJ.

8. KIDZ is a Nevada corporation with its principal place of business at 450 Seventh Avenue, Suite 905, New York, NY 10123. On April 4, 2025, Class Over DE became a wholly owned subsidiary of KIDZ. Because Class Over DE owned Class Over NJ, Class Over NJ thereby became a subsidiary of KIDZ.

9. Defendant Hui Luo a/k/a Stephanie Luo ("Luo") is, upon information and belief, a citizen of New York. Luo founded Class Over NJ, was its sole owner when it was formed, personally issued and signed Schuessler's March 30, 2021 employment offer, and later became Chief Executive Officer and Chairman of KIDZ. Luo is sued individually only under Count I.

10. Class Over NJ, KIDZ, and Luo are referred to collectively, where the context permits, as "Defendants." Class Over DE is not included within the defined term "Defendants."

## JURISDICTION AND VENUE

11. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Count I arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207.

12. This Court also has diversity jurisdiction under 28 U.S.C. § 1332(a). Schuessler is a citizen of Texas; Class Over NJ is a citizen of New Jersey and New York; KIDZ is a citizen of Nevada and New York; and, upon information and belief, Luo is a citizen of New York. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Counts II and III because those claims arise from the same employment relationship, compensation practices, and course of conduct as Count I.

14. Venue is proper in this District under 28 U.S.C. § 1391(b). Class Over NJ and KIDZ maintain their principal offices in this District, and a substantial part of the compensation, payroll,

management, data development, and corporate decisions giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

### A. The Employment Relationship

15. Before April 2021, Schuessler performed part-time services for Class Over NJ as an independent contractor. The claims in this action arise solely from work performed after Class Over NJ replaced that relationship with W-2 employment effective April 1, 2021.

16. On March 30, 2021, Class Over NJ, through Luo, issued Schuessler a written offer of employment as a Chess Coach, effective April 1, 2021 (the "Employment Agreement"). Schuessler accepted the Employment Agreement and thereafter performed as a Class Over NJ employee.

17. The Employment Agreement materially changed the parties' relationship. It required Schuessler to work 40 hours per week, Monday through Friday, and provided for at-will employment of indefinite duration.

18. The Employment Agreement assigned duties including monitoring student progress; interacting with students through distance-education technology; providing feedback; working with program managers; supporting other instructors; and producing curriculum materials, including objectives, lecture scripts, assignments, exercises, quizzes, examinations, solution files, rubrics, and other course materials.

19. The Employment Agreement described Schuessler as a "salary-based employee" and stated that his "base salary has been set at $28 per hour." It did not state that Schuessler would be paid only for scheduled live-session time or that required non-session work would be uncompensated.

20. The Employment Agreement did not mention AI, machine learning, model training, training datasets, or compensation for generating proprietary data or content for those purposes.

**B. Required Work Outside Live Sessions and Overtime**

21. Live sessions were only one component of Schuessler's assigned work. He regularly spent substantial additional time preparing lessons and curricula; researching chess openings and strategy; entering and analyzing student games and notation; preparing evaluations and individualized feedback; reviewing student progress; completing portal entries; communicating with managers; assisting other instructors; and performing trial-student, enrollment-related, administrative, and program-coordination work.

22. Some of that work was not itself teaching, tutoring, instructing, or lecturing to students. It included internal administrative communications, instructor support, program coordination, evaluation and conversion-related work concerning prospective or trial students, preparation of reusable enterprise curriculum, and creation of structured data and content retained for broader business purposes.

23. Class Over NJ requested, accepted, used, and benefited from Schuessler's non-session work. Its managers regularly communicated with him about responsibilities that required work outside scheduled live sessions.

24. Class Over NJ tracked scheduled sessions, but it did not maintain a contemporaneous record of all time Schuessler spent performing required non-session work. His payroll records likewise do not identify his actual non-session hours or any overtime premium attributable to those hours.

25. Class Over NJ had actual notice of the omitted time. On June 4, 2025, Schuessler told its Head of Teacher Development that he spent "many hours every week working off the clock

preparing for my classes and analyzing student games." The next day, he again stated that he completed "many hours of work off the clock each week."

26. For the workweek beginning May 4, 2026, Schuessler's records identify at least 41 hours and 58 minutes of work when live sessions and documented required non-session work are combined. Defendants did not pay an overtime premium for the compensable time over 40 hours in that workweek.

27. Schuessler worked more than 40 compensable hours in other workweeks as well when required non-session work is included, without receiving one and one-half times his regular rate for all compensable hours over 40.

**C. The Undisclosed AI-Training Function**

28. By April 2025, while Schuessler was still employed, KIDZ, then known as Classover Holdings, Inc., was publicly describing teacher-generated interactions from Class Over NJ's platform as a proprietary asset for AI development. In an April 8, 2025 press release filed with the Securities and Exchange Commission ("SEC"), KIDZ stated: "Classover is training its AI tutor agents using a proprietary dataset of over 300,000 hours of real teacher-student interactions."

29. The same SEC-filed release explained that the dataset was captured from real-time interactions between professional instructors and students and formed the foundation for training the AI tutor agents. It also described the human instructor network as a source of high-quality data used to train those agents.

30. In another SEC-filed release, KIDZ identified recorded lessons, annotated instruction, and structured pedagogical content as forms of proprietary training data for AI tutoring systems. Those categories correspond to work Schuessler performed for Class Over NJ, including

live instruction, analysis and annotation of student chess games, curriculum preparation, lesson scripting, evaluations, and individualized feedback.

31. The proprietary dataset announced in April 2025 necessarily had been accumulated before the announcement. Schuessler had worked through the Class Over NJ platform since 2021 and had conducted thousands of live instructional sessions while that dataset was being accumulated.

32. Upon information and belief, Schuessler's live teacher-student interactions were captured, retained, and included in or otherwise contributed to the proprietary dataset used to develop and train AI tutor agents (the "AI Training Dataset"). Upon information and belief, his analyses, annotations, curriculum materials, evaluations, and other structured pedagogical work were also retained or used, or intended for use, as inputs for AI development.

33. Schuessler was not informed that generating proprietary AI-training data was a function of his work. A live session therefore served two concurrent functions: delivering instruction to the participating student and generating a captured teacher-student interaction for the AI Training Dataset. Class Over NJ controlled the platform and the capture and retention of Schuessler's interactions; upon information and belief, after April 4, 2025, KIDZ exercised control over or participated in the downstream use of the resulting data for AI development.

34. KIDZ's own public statements describe the AI Training Dataset as proprietary and foundational to its AI technology. The data-generation function of the instructor workforce therefore was commercially significant to the development of a separate technology product intended to provide automated instruction.

35. Accordingly, the character of Schuessler's job as a whole cannot be determined merely from his title or by treating every minute of live-session time as serving only a student-

instruction function. His work included substantial non-instructional duties and, upon information and belief, the concurrent generation of proprietary human-interaction data and structured pedagogical inputs for AI systems.

**D. Contract Damages and Tolling**

36. Schuessler performed the services required by the Employment Agreement, but Class Over NJ failed to compensate him for all required work in accordance with its $28.00-per-hour compensation term. His resulting contract damages exceed $75,000.00, exclusive of interest, attorneys' fees, and costs. The precise amount will be established through his records and discovery.

37. Schuessler, Class Over NJ, and KIDZ entered into a written tolling agreement (the "Tolling Agreement") under which limitations periods applicable to covered claims were tolled from June 17, 2026 through August 31, 2026. Schuessler files this action after expiration of the agreed standstill.

**COLLECTIVE ACTION ALLEGATIONS**

38. Pursuant to 29 U.S.C. §§ 207 and 216(b), Schuessler brings Count I on behalf of himself and all similarly situated persons defined as follows:

> All current and former coaches and instructors employed by Class Over NJ during the applicable limitations period who performed required work outside scheduled live sessions, worked more than 40 compensable hours in one or more workweeks when such work is included, and were not paid overtime compensation at one and one-half times their regular rate for all hours worked over 40 in a workweek (the "Collective").

39. Schuessler and the members of the Collective are similarly situated because they performed the same or substantially similar instructional and related duties and were subject to common compensation and timekeeping practices under which Class Over NJ tracked scheduled live sessions but did not contemporaneously record all required work performed outside those sessions.

40. Upon information and belief, Class Over NJ maintained a common policy or practice of requiring or permitting such off-session work without recording all time spent performing it and without paying the overtime premium required when total compensable work exceeded 40 hours in a workweek.

41. The exact number and identities of the members of the Collective are presently unknown to Schuessler but are known to Defendants or readily ascertainable from Defendants' employment, scheduling, payroll, platform, and other business records.

42. Schuessler's written consent to participate in this action pursuant to 29 U.S.C. § 216(b) is filed with the Complaint.

## CLAIMS FOR RELIEF

### COUNT I - UNPAID OVERTIME
### FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207
### (Against Class Over NJ, KIDZ, and Luo)

43. Schuessler incorporates the preceding allegations as though fully set forth herein.

44. Count I arises exclusively under federal law, including the FLSA, 29 U.S.C. §§ 201 et seq.

45. Schuessler was an employee of Class Over NJ within the meaning of 29 U.S.C. § 203(e), and Class Over NJ was his employer within the meaning of 29 U.S.C. § 203(d).

46. For the period beginning April 4, 2025, KIDZ's SEC filings state that Class Over DE's senior management comprised all of KIDZ's senior management and that Class Over DE's pre-combination operations continued as the ongoing operations of the combined company. KIDZ's consolidated filings further report compensation for teachers and certain employees as part of KIDZ's cost of revenue, identify KIDZ's Chief Executive Officer as the chief operating decision maker who reviews consolidated results to allocate resources and assess performance, state that KIDZ has only one operating and reportable segment, and describe changes in employee headcount and salary levels across the company's operations. Upon information and belief, through this common management, consolidated operating structure, Class Over DE's ownership of Class Over NJ, and centralized allocation of resources, KIDZ exercised control over compensation, employment, platform, and data-development policies affecting Class Over NJ employees, including Schuessler, and was a joint employer within the meaning of 29 U.S.C. § 203(d).

47. Luo was an employer within the meaning of 29 U.S.C. § 203(d). She founded and controlled Class Over NJ, served as Chief Executive Officer, and possessed authority over compensation and employment policies affecting Schuessler. Luo actually exercised that authority by personally issuing and signing Schuessler's employment offer, thereby fixing his expected workweek, assigned duties, and compensation.

48. Class Over NJ was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(s) and 207(a)(1), with annual gross volume of sales or business done exceeding $500,000.00. Schuessler also performed work from Texas for a New York-based enterprise through interstate internet, payment, and communications systems.

49. Schuessler performed compensable work in excess of 40 hours in one or more workweeks, including the workweek beginning May 4, 2026.

50. Schuessler's work as a whole was not limited to live teaching sessions. It included substantial non-session and non-instructional duties and, upon information and belief, the commercially significant generation of proprietary teacher-interaction data and structured pedagogical inputs for AI systems. KIDZ's own public statements characterize the resulting human-interaction dataset as foundational to training AI tutor agents.

51. Defendants knew or had reason to know that Schuessler performed required work outside scheduled live sessions, including because he expressly notified Class Over NJ in writing that he was performing many hours of work off the clock each week.

52. Defendants failed to compensate Schuessler at one and one-half times his regular rate for compensable hours worked in excess of 40 in a workweek, in violation of 29 U.S.C. § 207(a)(1).

53. The violation was willful because Defendants continued the challenged compensation and timekeeping practices after receiving actual notice that Schuessler was performing substantial work off the clock. Schuessler therefore seeks the limitations period available under 29 U.S.C. § 255(a).

54. Under 29 U.S.C. § 216(b), Schuessler and members of the Collective who opt into this action are entitled to unpaid overtime compensation, an equal amount as liquidated damages, reasonable attorneys' fees, and costs.

## COUNT II - BREACH OF CONTRACT
## TEXAS COMMON LAW
## (Against Class Over NJ Only)

55. Schuessler incorporates the preceding allegations as though fully set forth herein.

56. Count II is pleaded under Texas substantive law. Schuessler alleges that, under New York choice-of-law principles, Texas has the most significant relationship to the Employment Agreement and the services at issue because Schuessler was domiciled in Texas and performed the relevant employment services from Texas.

57. A valid written contract existed between Schuessler and Class Over NJ. Class Over NJ offered W-2 employment on stated terms effective April 1, 2021, and Schuessler accepted those terms.

58. Schuessler performed or tendered the performance required by the Employment Agreement, including required work performed outside live sessions.

59. Class Over NJ breached the Employment Agreement by failing to compensate Schuessler for all required services in accordance with its compensation terms.

60. Count II seeks the $28.00-per-hour compensation promised by the Employment Agreement for required work for which Class Over NJ failed to compensate Schuessler. Count II does not seek to impose an overtime premium as a matter of contract, and Schuessler does not seek duplicative recovery of amounts awarded under Count I.

61. Schuessler sustained damages as a direct result of Class Over NJ's breach in an amount exceeding $75,000.00, to be proven at trial, together with prejudgment and post-judgment interest and attorneys' fees to the extent recoverable under Texas law.

**COUNT III - QUANTUM MERUIT**
**TEXAS COMMON LAW**
**(Against Class Over NJ Only)**

62. Schuessler incorporates the preceding allegations as though fully set forth herein. Count III concerns services separate from those for which Schuessler seeks contractual compensation in Count II.

63. Count III is pleaded under Texas substantive law. Schuessler alleges that Texas governs for the same reasons stated with respect to Count II: this quasi-contract claim arises from services Schuessler performed from Texas in the course of his Texas-based employment.

64. The Employment Agreement governed Schuessler's employment as a Chess Coach and established compensation for the teaching, instructional, administrative, curriculum-development, and related services within its scope. It did not mention AI, model training, proprietary training datasets, or the separate commercial service of generating human-interaction data for use in training automated AI tutor systems.

65. The generation and supply of authentic human teacher-student interaction data for Class Over NJ's proprietary AI-training corpus was therefore a service separate from the services governed and compensated by the Employment Agreement. Count III seeks the reasonable value of that distinct extra-contractual service and does not seek recovery for services for which Schuessler seeks contractual compensation in Count II.

66. Schuessler rendered valuable extra-contractual services for Class Over NJ by generating and supplying authentic human teacher-student interaction data for a proprietary AI-training corpus, a commercial data-generation function that was neither disclosed nor addressed in the Employment Agreement.

67. Class Over NJ knowingly accepted, used, and enjoyed those services. KIDZ later publicly characterized the resulting teacher-interaction dataset as proprietary and foundational to the training of its AI tutor agents, demonstrating commercial value distinct from the immediate delivery of a lesson to a student.

68. Class Over NJ was reasonably notified that Schuessler furnished his professional services for compensation, not gratuitously. Schuessler was a paid W-2 employee working under

an agreement establishing a $28.00 hourly rate, expressly notified Class Over NJ that required professional labor was being performed without compensation, and never agreed to furnish a separate commercial AI-training-data generation service without compensation.

69. Class Over NJ did not pay the reasonable value of the distinct extra-contractual service alleged in Count III. The reasonable value of that service, including the value of generating or obtaining comparable high-quality human instructional training data, will be established through discovery and proof at trial. Quantum meruit is pleaded to prevent Class Over NJ from being unjustly enriched by retaining that separate benefit without paying its reasonable value.

70. The service for which Schuessler seeks compensation in Count III is the labor of generating and supplying human-interaction training data, not any exclusive right to reproduce, distribute, adapt, display, or control copyrighted expression. Schuessler seeks the reasonable value of that data-generation service, not profits attributable to the exploitation of any copyrighted work.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Evan M. Schuessler, individually and on behalf of all similarly situated employees who opt into Count I, respectfully requests that the Court:

(a) authorize notice to the Collective and permit similarly situated employees to opt into this action;

(b) enter judgment for Schuessler and the opt-in plaintiffs on Count I and award unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, costs, and applicable interest under the FLSA;

(c) enter judgment for Schuessler on Count II and award compensatory damages in an amount to be proven at trial, together with prejudgment and post-judgment interest and attorneys' fees to the extent authorized by Texas law;

(d) enter judgment for Schuessler on Count III and award the reasonable value of the distinct extra-contractual AI-training-data service in an amount to be proven at trial, together with applicable interest;

(e) grant such other and further relief as the Court deems just and proper.

Dated: September 1, 2026
New York, New York

Respectfully submitted,

By: /s/ Zachary A. Westenhoefer

Zachary A. Westenhoefer, Esq.
30 Wall Street, 8th Floor
New York, NY 10005
(646) 397-2656
zack@westenhoeferlaw.com
*Counsel for Plaintiff Evan M. Schuessler and the Proposed Collective*